**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Daniel CARRION, Defendant—Appellant.**

No. 04–10291.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.

Decided Oct. 27, 2005.

Kathleen Bliss, Esq., Russell E. Marsh, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff—Appellee.

Arthur L. Allen, Esq., Jason F. Carr, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant—Appellant.

Before: B. FLETCHER, JOHN R. GIBSON,* and BERZON, Circuit Judges.

MEMORANDUM **

Daniel Carrion pleaded guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g), and one count for forfeiture of the firearm. He preserved the right to appeal his sentence if the court sentenced him as an armed career criminal. The court did so sentence him, relying in part on a 1993 conviction on a guilty plea to a count of assault with a deadly weapon, not a firearm, or by any means likely to produce great bodily injury, on a peace officer or firefighter, Cal. Penal. Code 245(c). Carrion contends that the crime of assault with a deadly weapon, not a firearm, or by any means likely to produce great bodily injury, on a peace officer, Cal.Penal Code § 245(c), is not a violent felony within the meaning of the Armed Career Criminal Act, 18 U.S.C.

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 924(e), and so cannot be a predicate conviction making him an armed career criminal. We affirm.

The parties agree that Carrion did not object in the district court on the ground now presented, so we review for plain error. We may reverse only if there is (1) error (2) that is plain and (3) affects substantial rights. *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Once these requirements are satisfied, it lies within the district court's discretion whether to grant relief, but the court should exercise its discretion only if the error seriously affects the fairness, integrity or public reputation of the proceedings. *Id.*

Under 18 U.S.C. § 924(e)(2) a violent felony is defined as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .

In determining whether a particular conviction is a violent felony under § 924(e), we look at the statutory definition of the crime, the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. *Shepard v. United States,* — U.S. —, —, 125 S.Ct. 1254, 1257, 161 L.Ed.2d 205 (2005). In this case, only the statutory definition and the information are helpful.

Cal.Penal Code § 245(c) states:

> Any person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for three, four, or five years.

The information language tracks the statutory language except that instead of the disjunctive language of the statute referring to assault with a deadly weapon *or* by any means likely to produce great bodily injury, the information alleges both of the forbidden methods: "Danny Torres Carrion ... did ... commit an assault with a deadly weapon and instrument *and* by force likely to produce great bodily injury upon the person of Steven Glass and/or W. Philpott ...." (emphasis added).

Carrion argues that a conviction under Cal.Penal Code § 245(c) does not satisfy the criteria of the Armed Career Criminal Act because it requires only an "assault," which does not necessarily entail an act that involved "threatened use of physical force against the person of another" or the "serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(i) and (ii).

Carrion's argument that assault does not include threatened use of physical force under California law is based on the discussion in a footnote of *People v. Colantuono,* 7 Cal.4th 206, 26 Cal.Rptr.2d 908, 865 P.2d 704, 709 n. 4 (1994), which states that the "least touching" may constitute battery and therefore an attempt with present ability to accomplish such a touching would be an assault. The footnote in *Colantuono* discussed the assault element, not the oth-

er elements of Cal.Penal Code § 245. Under § 245(c), there is a separate statutory requirement that the defendant commit the assault either (1) with a deadly weapon or (2) by means likely to produce great bodily injury. *Colantuono* did not read those additional requirements out of the statute, and they modify and increase the nature of the force required to violate the statute.

> "The gravamen of the crime defined by ... section 245 is *the likelihood that the force applied or attempted to be applied will result in great bodily injury.*" Thus, the crime of assault with a deadly weapon is, by definition, an act of violence committed against a person, namely one with the likelihood of causing harm to the person.

*People v. Hall,* 83 Cal.App.4th 1084, 100 Cal.Rptr.2d 279, 284 (Cal.Ct.App.2000) (citations omitted) (emphasis in original).

Carrion pleaded guilty to assault by "means likely to produce great bodily injury." This not only satisfies the requirement in § 924(e)(2)(B)(i) that the predicate crime includes the use of physical force, but it also satisfies the alternative definition in § 924(e)(2)(B)(ii), that the crime involves "conduct that presents a serious potential risk of physical injury to another."

There was no plain error in sentencing Carrion as an armed career criminal. Carrion's sentence is AFFIRMED.